## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

GEORGIA STATE CONFERENCE OF
THE NAACP *et al.*,
                    *Plaintiffs*,

v.

CITY OF LAGRANGE, GEORGIA,
                    *Defendant.*

Case No. 3:17-cv-00067-TCB

### AMENDED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

*Plaintiffs are three organizations and seven individuals who challenge two municipal utility polices of Defendant City of LaGrange ("LaGrange"), pursuant to the federal Fair Housing Act and Georgia common law. Plaintiffs allege that LaGrange discriminates against African Americans and Latinos by applying its Court Debt Policy and Immigrant Utilities Policy as described below. Plaintiffs seek injunctive and declaratory relief, damages, and attorneys' fees and costs. LaGrange denies that its policies discriminate against any person or class of persons.*

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

*LaGrange conditions access to basic utility services on the payment of court debt (Court Debt Policy) and has required a Social Security Number and photo identification issued by a state or the federal government (Immigrant Utilities Policy) in order to obtain utility services. The Complaint alleges that the Court Debt Policy disproportionately harms African Americans and that the Immigrant Utilities Policy disproportionately harms Latinos and that both policies violate Georgia law.*

(c) The legal issues to be tried are as follows:

*(1) Whether the City's Court Debt Policy has an unlawful and unjustified disparate impact on African Americans; (2) whether the City's Immigrant Utilities Policy has an unlawful and unjustified disparate impact on Latinos; (3) whether the City has breached any common law duty to provide services on non-discriminatory terms to all individuals within its service area; and (4) whether the Court Debt Policy is unconscionable.*

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

*None.*

(2) Previously Adjudicated Related Cases:

*None.*

**2. This case is complex because it possesses one or more of the features listed below:**

X  (1) Unusually large number of parties
___(2) Unusually large number of claims or defenses
___(3) Factual issues are exceptionally complex
___(4) Greater than normal volume of evidence
X  (5) Extended discovery period is needed
___(6) Problems locating or preserving evidence
___(7) Pending parallel investigations or action by government
X  (8) Multiple use of experts
___(9) Need for discovery outside United States boundaries
___(10) Existence of highly technical issues and proof
___(11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiffs:          *Reed N. Colfax*
                     *RELMAN, DANE & COLFAX PLLC*
                     *1225 19th St., NW, Suite 600*
                     *Washington, DC 20036*
                     *Phone: 505-983-1601*
                     *Email: rcolfax@relmanlaw.com*

Defendant:        *Kenneth D. Jones*
                     *HALL BOOTH SMITH, P.C.*
                     *191 Peachtree St., NE*
                     *Suite 2900*
                     *Atlanta, GA 30303*

2

*Phone: 404-954-6960*
*Email: kjones@hallboothsmith.com*

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

*No.*

**5. Parties to This Action:**

(a)  The following persons are necessary parties who have not been joined:

*None.*

(b)  The following persons are improperly joined as parties:

*Subject to the Notice of Suggestion of Death of Plaintiff Charles Brewer, none.*

(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

*None.*

(d)  The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15. List separately any amendments to the pleadings that the parties anticipate will be necessary:

*Plaintiffs may seek leave to add additional plaintiffs. Plaintiffs may also seek leave to add additional causes of action under the Fair Housing Act, the Constitution, and 42 U.S.C. § 1983. Plaintiffs will seek to substitute a representative of Plaintiff Charles Brewer's estate for Mr. Brewer who recently passed away. Plaintiffs are unable to anticipate whether other amendments may be necessary based on the information known to them at this time.*

(a)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions:* Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

### 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

*The parties have previously exchanged initial disclosures.*

### 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

*The parties respectfully seek a scheduling conference to discuss updated, additional briefing related to Defendant's motion concerning Plaintiffs' disparate impact allegations.*

### 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is

contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

*The parties agree that an eight-month discovery period is necessary given the large number of parties involved in this litigation and the need for extensive written, deposition, and expert discovery.*

Please state below the subjects on which discovery may be needed:

*The City of LaGrange's Court Debt Policy, including its legislative history, application, and impact on African Americans, any justifications for the Policy, and non-discriminatory alternatives to the Policy; the City of LaGrange's Immigrant Utilities Policy, its legislative history, application, and impact on Latinos, any justifications for the Policy, and non-discriminatory alternatives to the Policy; the City of LaGrange's budget, including revenue obtained from the provision of municipal services and from the collection of court debt; data collection policies and practices related to the City of LaGrange's Court Debt and Immigrant Utilities Policies; and Plaintiffs' damages.*

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

*The parties anticipate that this case will require eight months of discovery, based on the number of parties, anticipated use of expert testimony, and the scope of discovery concerning the challenged municipal policies at issue.*

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

*None.*

(b) Is any party seeking discovery of electronically stored information?

*Yes.*

If "yes,"

(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

*See Part 11(b)(2).*

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

*The parties will produce the following files in native format using a NATIVELINK reference in the DAT load file, and a TIFF image placeholder named with BEGBATES or BATES NUMBER:*

- *MS Excel and other spreadsheet files*
- *Video and sound files*
- *MS PowerPoint files, MS Access and DBs*
- *Auto CAD and other non-standard electronic documents*
- *All Non Standard/Unsupported File Types*

*All other paper and electronic documents should be produced in Tagged Image File Format (TIFF or TIF) files. Each image should have a unique file name, which is the Bates number of the page. TIFF files shall be produced in single-page Group IV format, with a minimum resolution of 300 dpi. The parties will confer regarding any responsive ESI in the form of electronic phone records or any other electronic format not discussed.*

*When producing ESI, the parties shall provide the ESI Load File as follows:*

- *Image Formats*
  - *Single Page TIFF files named using the BATES NUMBER*
  - *300 DPI and CCIT Group IV Compression*
  - *Color images provided as JPEG format*

- *OCR/Extracted Text*
  - *Single Page OCR text (ANSI) files named same as TIFF images*
  - *Should be produced as separate text files, not as fields within the DAT file.*
  - *A Control List file should be provided with reference to the Bates number and path to the TEXT file. (See below OCR Control List)*
  - *OCR Control List file will have the following structure:*
    - *The first field (in the example below, a Bates number) identifies the record that requires the OCR text.*
    - *The second field is the path to the OCR text file*
      - *0010042,J:\OCR\001042.txt*
      - *0010046,J:\OCR\001046.txt*

- o *DAT coding and Metadata file*
  -  *Indicate which text delimiter is used in created load files. (i.e CSV, TSV, etc.)*
  -  *When producing ESI (eMails and eFiles) in image format please provide the following metadata information where applicable:*

| | |
|---|---|
| *BEGBATES* | *APPLICATION* |
| *ENDBATES* | *SOURCES* |
| *PGCOUNT* | *KEYWORDS* |
| *PARENTID* | |
| *ATTACHIDS* | |
| *ATTACHRANGE* | |
| *BEGATTACH* | |
| *ENDATTACH* | |
| *CUSTODIAN* | |
| *AUTHORFROM* | |
| *TO* | |
| *CC* | |
| *BCC* | |
| *TIME ZONE* | |
| *NATIVELINK* | |
| *MIME TYPE* | |
| *PRINTED DATE* | |
| *FOLDERPATH* | |
| *INTMSGID* | |
| *MD5HASH* | |
| *OCRPATH* | |
| *AUTHOR* | |
| *DOCTITLE* | |
| *SUBJECT* | |
| *AUTHOR* | |
| *DATERCVD* | |
| *DATE SENT* | |
| *TIME SENT/TIME-ZONE* | |
| *DATESVD* | |
| *SORTDATE* | |
| *TIMERCVD* | |
| *TIMESENT* | |
| *DATE CREATED* | |
| *TIME CREATED* | |
| *DATE MOD* | |
| *TIME MOD* | |
| *DATE ACCESSD* | |
| *TIME ACCESSD* | |
| *MEDIA* | |
| *CDVOL* | |

*Counsel for the parties will confer at least seven days prior to the production date to exchange additional information about how the load file should be produced.*

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

*None at this time.*

**13. Settlement Potential:**

(a)  Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on December 19, 2019, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: /s/ Reed N. Colfax

Other participants: Atteeyah Hollie, Kevin Herrera

For defendant: /s/ Kenneth D. Jones

Other participants: Jeffrey M. Todd

(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(___X___) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(__) No possibility of settlement.

(c)  Counsel (X) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

*The parties have agreed that Plaintiffs will serve a settlement demand on Defendants on or before January 31, 2020. After service of the settlement demand, the parties will discuss a proposal for additional settlement discussions.*

(d)  The following specific problems have created a hindrance to settlement of this case.

8

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)  The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____day_____, of 20_____.

(b)  The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted,

/s/ Reed N. Colfax
Reed N. Colfax*
Joseph J. Wardenski*
Alexa T. Milton*
RELMAN, DANE & COLFAX PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888
(202) 728-0848 (fax)
rcolfax@relmanlaw.com
jwardenski@relmanlaw.com
amilton@relmanlaw.com

Sarah Geraghty
Georgia Bar No. 291393
Atteeyah Hollie
Georgia Bar No. 411415
SOUTHERN CENTER FOR HUMAN RIGHTS
60 Walton Street N.W.
Atlanta, GA 30303
(404) 688-1202
(404) 688-9440 (fax)
sgeraghty@schr.org
ahollie@schr.org

Mayra B. Joachin*
Robin Goldfaden*
NATIONAL IMMIGRATION LAW CENTER

/s/ Kenneth D. Jones
Kenneth D. Jones
Georgia Bar No. 402101
Patrick Fitzgerald
Georgia Bar No. 405638
HALL BOOTH SMITH, P.C.
191 Peachtree St. NE, Suite 2900
Atlanta, GA 30303
(404) 954-6960
kjones@hallboothsmith.com
pfitzgerald@hallboothsmith.com

Jeffrey M. Todd
Georgia Bar No. 713738
LEWIS, TAYLOR & TODD, P.C.
P.O. Box 1027
LaGrange, Georgia 30241
(706) 882-2501
(706) 882-4904 (fax)
jtodd@lttpc.com

*Counsel for Defendant*

3450 Wilshire Blvd., #108-62
Los Angeles, CA 90010
(213) 639-3900
(213) 639-3911 (fax)
joachin@nilc.org
goldfaden@nilc.org

Kevin Herrera*
NATIONAL IMMIGRATION LAW
CENTER
PO Box 32358
Chicago, IL 60632
(213) 770-1325
(213) 639-3911 (fax)
herrera@nilc.org

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on Monday, December 23, 2019, the foregoing Amended Joint

Preliminary Report and Discovery Plan was filed using CM/ECF for the Northern District of

Georgia, which shall serve as notice of such filing on the following counsel of record:


Kenneth D. Jones
Hall Booth Smith, P.C.
191 Peachtree Street, N.E., Suite 2900
Atlanta, GA 30303-1775
kjones@hallboothsmith.com

Jeffrey M. Todd
Lewis, Taylor & Todd, P.C.
205 N. Lewis Street, Suite 3
P.O. Box 1027
LaGrange, GA 30241
jtodd@lttpc.com


*Attorneys for Defendant*


/s/ Reed N. Colfax
Reed N. Colfax
*Attorney for Plaintiffs*