# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

GEORGIA STATE CONFERENCE
OF THE NAACP; TROUP COUNTY
NAACP; PROJECT SOUTH;
CHARLES BREWER; CALVIN
MORELAND; APRIL WALTON;
PAMELA WILLIAMS; JOHN
DOE #1, JOHN DOE #2; and JOHN
DOE #3,

      Plaintiffs,

v.

CITY OF LAGRANGE, GEORGIA,

      Defendant.

CIVIL ACTION FILE
NO. 3:17-CV-67-TCB

---

## DEFENDANT CITY OF LAGRANGE, GEORGIA'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

---

Defendant CITY OF LAGRANGE, GEORGIA (the "City"), files its Answer to Plaintiffs' Amended Complaint and shows the Court the following:

## FIRST DEFENSE

The City's policies do not violate the Fair Housing Act of 1968, as amended, 42 U.S.C. § 1301 et. seq. ("FHA") or the United States Constitution or Georgia Law.

### SECOND DEFENSE

A disparate impact claim is not cognizable under the Fair Housing Act, 42 U.S.C. § 3604(b), and therefore Plaintiffs fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

The policies of the City are not "artificial, arbitrary and unnecessary" and comport with Texas Department of Housing an Community Affairs v. Inclusive Communities Project, Inc., 135 U.S. 2507 (2015).

### FOURTH DEFENSE

The City's policies are proper revenue-raising governmental functions and service delivery functions designed to promote the public health, safety, morality and welfare of residents of The City of LaGrange, Georgia and therefore do not violate the FHA.

### FIFTH DEFENSE

The City no longer requires its applicants to provide a Social Security Number and Plaintiffs' allegations as to any such previous policy are moot.

### SIXTH DEFENSE

The Plaintiffs, and in particular the individually named Plaintiffs, have failed to exhaust administrative remedies prior to filing suit.

## SEVENTH DEFENSE

The individually named Plaintiffs have failed to mitigate any damages alleged.

## EIGHTH DEFENSE

The City has not acted with discriminatory intent, nor do its policies have a disparate impact and therefore the City has not violated the FHA.

## NINTH DEFENSE

The purported John Doe #2 Plaintiff is unidentifiable and only alleged a vague desire to purchase a house in LaGrange, and failed to allege a concrete and imminent harm and therefore lacks standing to pursue prospective relief against the City.

## TENTH DEFENSE

The Georgia State Conference of the NAACP is not a utility customer of the City and therefore lacks standing to bring any claims against the City.

## ELEVENTH DEFENSE

The Troup County NAACP is not a utility customer of the City and therefore lacks standing to bring any claims against the City.

### TWELFTH DEFENSE

Project South is not a utility customer of the City and therefore lacks standing to bring any claims against the City.

### THIRTEENTH DEFENSE

Pamela Williams fails to allege any actionable allegation upon which she has been denied any utility service and therefore lacks standing and fails to state a cause of action upon which relief can be granted.

### FOURTEENTH DEFENSE

The City has an obligation to its citizens to collect fees and revenue owed, due and payable for debt of any type owed to the City, as well as for any utility service provided to a customer, accordingly the City has acted in good faith to effectuate collection of any debt owed to the City through its Code of Ordinances that are reasonable, not artificial, arbitrary or unnecessary as they have been lawfully enacted pursuant to the City's Charter, as well as pursuant to the laws and Constitution of the State of Georgia, and the laws and Constitution of the United States of America to ensure payment of any such debt owed to the City.

## FIFTEENTH DEFENSE

The City has not violated any laws, rules, regulations or Constitution of the State of Georgia or unlawfully or tortuously interfered with any utility service recipients' delivery of utilities.

## SIXTEENTH DEFENSE

The City has not violated any laws, rules, regulations or Constitution of the United States of America.

## SEVENTEENTH DEFENSE

The City's Code of Ordinances are neutral as to race, national origin, and citizenship and have been lawfully enacted pursuant to the City's Charter, the laws and Constitution of the State of Georgia, and the laws and Constitution of the United States of America such that they apply equally to all residents and utility service recipients.

## EIGHTEENTH DEFENSE

No action by the City has interfered with any Plaintiffs rights to housing, and the City has undertaken no action designed to coerce or intimidate any Plaintiff or group of residents from residing within the City or in obtaining or maintaining utility services in contravention of the FHA.

## NINTEENTH DEFENSE

The City raises all those affirmative defenses set forth in FED. R. CIV. P. 8(c).

## TWENTIETH DEFENSE

No Act or Omission on the part of the City proximately caused or contributed to any damages allegedly suffered by Plaintiffs; therefore Plaintiffs have no right of recovery.

## TWENTY-FIRST DEFENSE

The City is entitled to sovereign immunity against Plaintiffs' federal claims, and governmental immunity for Plaintiffs' state claims.

## TWENTY-SECOND DEFENSE

The City reserves the right to reasonably amend these affirmative defenses as needed or as warranted by discovery in this case.

## TWENTY-THIRD DEFENSE

Responding to the individually numbered allegations in the Amended Complaint, the City shows the Court the following:

## ANSWER TO: INTRODUCTION

1.

As it only deals with Plaintiffs' motivations for filing the Amended Complaint, the City is not required to answer the allegations in Paragraph 1 of Plaintiffs' Amended Complaint.  To the extent that an answer is required, the City denies any wrongdoing or liability.

2.

In response to Paragraph 2 of the Amended Complaint, the City denies that its policies restrict access to vital services including electricity, gas, and water, or that it has a disproportionate effect on African Americans or Latinos and further denies the remainder of the allegations contained in Paragraph 2 of the Amended Complaint.

3.

To the extent that Plaintiffs identify LaGrange Mun. Code § 20-1-7(h), and recite its provisions, the City admits the allegations in Paragraph 3 of the Amended Complaint, but denies such is unlawful and denies Plaintiffs' use of nomenclature as a City policy.

4.

The City admits the allegations in Paragraph 4 of the Amended Complaint to the extent that the City has previously advised customers who had a balance to the City that services could be interrupted, but denies such is threatening or unlawful and denies Plaintiffs use of nomenclature in characterizing the letters sent to utility customers.

5.

To the extent that Plaintiffs identify the City's utility application form the City admits the allegations in Paragraph 5 of the Amended Complaint, but denies such is unlawful.

6.

The allegations contained in Paragraph 6 of the Amended Complaint are denied as stated because LaGrange Mun. Code § 20-1-7(h) was enacted pursuant to the City's home rule power, O.C.G.A. § 36-35-3.

7.

The City denies the allegations contained in Paragraph 7 of the Amended Complaint.

8.

The City denies the allegations contained in Paragraph 8 of the Amended Complaint as pled.

9.

The City denies the allegations contained in Paragraph 9 of the Amended Complaint as pled.

10.

The City denies the allegations contained in Paragraph 10 of the Amended Complaint as pled.

11.

The City admits that it formerly required a Social Security Number and government identification to apply for utilities as pled in Paragraph 11 of Plaintiffs' Amended Complaint, but denies it currently requires a Social Security Number, and denies that this policy has withheld utilities from those who cannot produce such, and denies Plaintiffs' nomenclature as a City policy.

12.

The City admits the allegations contained in Paragraph 12 of the Amended Complaint to the extent that Plaintiffs identify the text of LaGrange Mun. Code § 20-1-11, but denies the remaining allegations as pled.

13.

The City denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.

The City denies the allegations contained in Paragraph 14 of the Amended Complaint.

15.

The City denies the allegations contained in Paragraph 15 of the Amended Complaint as pled.

16.

The City denies the allegations contained in Paragraph 16 of the Amended Complaint.

17.

The City denies the allegations contained in Paragraph 17 of the Amended Complaint as pled.

18.

The City denies the allegations contained in Paragraph 18 of the Amended Complaint.

19.

The City denies the allegations contained in Paragraph 19 of the Amended Complaint.

20.

The City denies the allegations contained in Paragraph 20 of the Amended Complaint.

21.

The City denies the allegations contained in Paragraph 21 of the Amended Complaint.

22.

The City denies the allegations contained in Paragraph 22 of the Amended Complaint.

23.

The City lacks information necessary to admit or deny the allegations contained in Paragraph 23 of the Amended Complaint as no individual is referred to by name, but to the extent liability is alleged, the same is denied, and the City is not liable to the Organizational Plaintiffs.

24.

The City denies the allegations contained in Paragraph 24 of the Amended Complaint.

25.

As Paragraph 25 of the Amended Complaint relates to Plaintiffs' goals in this litigation, no response is required, except to deny the City is liable to any Plaintiffs, and Plaintiffs are not entitled to relief sought.

## ANSWER TO: JURISDICTION AND VENUE

26.

Plaintiffs cite to the jurisdictional authority of the Court in Paragraph 26 of the Amended Complaint and no response is necessary except to deny that the City is liable to Plaintiffs.

27.

Plaintiffs cite to the Court's supplemental jurisdiction for state law claims in Paragraph 27 of the Amended Complaint and no response is necessary as the Court can choose to exercise its jurisdiction for judicial economy and no objection is made by the City.

28.

The City admits the venue as being proper as pled in Paragraph 28 of Plaintiffs' Amended Complaint, but denies it is liable to Plaintiffs.

## ANSWER TO: PARTIES

29.

The City can neither admit nor deny the allegations contained in the first four sentences of Paragraph 29 of the Amended Complaint, but denies the last sentence of Paragraph 29 of the Amended Complaint, and asserts the Georgia NAACP lacks standing to bring suit.

30.

The City can neither admit nor deny the allegations contained in the first three sentences of Paragraph 30 of the Amended Complaint, but denies the last sentence of Paragraph 30 of the Amended Complaint, and asserts the Troup County NAACP lacks standing to bring suit.

31.

The City can neither admit nor deny the allegations contained in the first two sentences of Paragraph 31 of the Amended Complaint, but denies the last sentence of Paragraph 31 of the Amended Complaint, and asserts Project South lacks standing to bring suit.

32.

The City admits Mr. Brewer was charged, pled out and fined for driving without a license, but denies the remainder of the allegations contained in Paragraph 32 of the Amended Complaint as pled.

33.

The City admits Mr. Moreland was charged, pled out and fined for shoplifting, but denies the remainder of the allegations contained in Paragraph 33 of the Amended Complaint as pled.

34.

The City admits Ms. Walton was charged, pled out and fined for a marijuana possession charge, but denies remainder of the allegations contained in Paragraph 34 of the Amended Complaint as pled.

35.

The City denies the allegations contained in Paragraph 35 of the Amended Complaint as pled.

36.

The City denies the allegations contained in Paragraph 36 of the Amended Complaint as no individual is identified by name.

37.

The City denies the allegations contained in Paragraph 37 of the Amended Complaint as no individual is identified by name.

38.

The City denies the allegations contained in Paragraph 38 of the Amended Complaint as no individual is identified by name.

39.

The City admits the allegations contained in the first sentence of Paragraph 39 of the Amended Complaint, but denies the second sentence as pled.

40.

The City admits it purchases electricity from MEAG as alleged in Paragraph 40 of the Amended Complaint, but denies it "restricts access" as alleged in Paragraph 40 of the Amended Complaint.

41.

The City admits the allegations contained in Paragraph 41 of the Amended Complaint.

## ANSWER TO: FACTUAL ALLEGATIONS

42.

The City admits the allegations contained in Paragraph 42 of the Amended Complaint.

43.

The City admits the allegations contained in Paragraph 43 of the Amended Complaint.

44.

The City admits the allegations contained in Paragraph 44 of the Amended Complaint.

45.

The City admits the allegations contained in Paragraph 45 of the Amended Complaint.

46.

The City denies it is the "sole provider of essential municipal utilities" as pled, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 46 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

47.

The City admits the allegations contained in Paragraph 47 of the Amended Complaint, except the City denies the funds it generates and receives is "profit," but rather it is revenue from service delivery.

48.

The City denies the allegations contained in Paragraph 48 of the Amended Complaint.

49.

The City denies the allegations contained in Paragraph 49 of the Amended Complaint as pled.

50.

The City admits the allegations contained in Paragraph 50 of the Amended Complaint.

51.

The City denies the allegations contained in Paragraph 51 of the Amended Complaint as pled.

52.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 of Plaintiffs' Amended

Complaint and can neither admit nor deny the same, but does admit that it is not uncommon for someone pleading guilty to a crime to be subject to fines, fees and surcharges.

53.

The City admits the allegations contained in Paragraph 53 of the Amended Complaint.

54.

The City admits the allegations contained in Paragraph 54 of the Amended Complaint.

55.

The City admits the first sentence of Paragraph 55 of the Amended Complaint as to its references to the Municipal code, but denies the last sentence of Paragraph 55 of the Amended Complaint as pled.

56.

The City denies the allegations contained in Paragraph 56 of the Amended Complaint as pled.

57.

The City admits it collects a $35.00 per month probation fee and crime victim fee of $9.00 on behalf of the State, but denies the remaining allegations contained in Paragraph 57 of the Amended Complaint as pled.

58.

The City admits the allegations contained in Paragraph 58 of the Amended Complaint.

59.

The City admits the allegations contained in Paragraph 59 of the Amended Complaint.

60.

The City admits the allegations contained in Paragraph 60 of the Amended Complaint.

61.

The City admits the allegations contained in Paragraph 61 of the Amended Complaint.

62.

The City denies the allegations contained in Paragraph 62 of the Amended Complaint.

63.

The City admits the allegations contained in Paragraph 63 of the Amended Complaint.

64.

The City admits the allegations contained in Paragraph 64 of the Amended Complaint as to the title of the subject ordinance and the text recited, but denies the remaining allegations as pled.

65.

The City denies the allegations contained in Paragraph 64 of the Amended Complaint as pled.

66.

The City denies that conditioning receipt of services on requiring payment of lawful municipal fees amounts to an illegal pre-condition or that it violates the rights of LaGrange's residents as alleged in Paragraph 66 of the Amended Complaint.

67.

The City denies the allegations contained in Paragraph 67 of the Amended Complaint.

68.

The City denies the allegations contained in Paragraph 68 of the Amended Complaint, and the City denies that the City's policies are in violation of the federal or state law cited, or violate the rights of any individual, therefore liability is denied.

69.

The City denies the allegations contained in Paragraph 69 of the Amended Complaint, and the City denies that the City's policies are in violation of the federal or state law cited, or violate the rights of any individual, therefore liability is denied.

70.

The City can neither admit nor deny the veracity of any individual's source of income as alleged in Paragraph 70 of the Amended Complaint, but denies that the City's policies are in violation of the federal law or state law cited, or violate the rights of any individual, therefore liability is denied.

71.

The City denies the allegations contained in Paragraph 71 of the Amended Complaint as pled as the City's policies are not in violation of the federal law or state law cited, or violate the rights of any individual, therefore liability is denied.

72.

The City can neither admit nor deny the veracity of any individual's source of income as alleged in Paragraph 72 of the Complaint, but denies it controls the Housing Authority, or that the City's policies are in violation of the federal law cited, or violate the rights of any individual, therefore liability is denied.

73.

The City denies the allegations contained in Paragraph 73 of the Complaint as pled as the City does not control the Housing Authority.

74.

The City denies the allegations contained in Paragraph 74 of the Complaint.

75.

The City denies the allegations contained in the first sentence in Paragraph 75 of the Complaint as pled, and can neither admit nor deny the remaining allegations as pled.

76.

The City denies the allegations contained in Paragraph 76 of the Complaint as pled.

77.

The City denies the allegations contained in Paragraph 77 of the Complaint.

78.

The City denies the allegations contained in Paragraph 78 of the Complaint as pled.

79.

The City admits the first two sentences of Paragraph 79 of the Complaint, but denies the third sentence as pled.

80.

The City admits it has multiple collection options as alleged in Paragraph 80 of the Complaint, but to the extent liability or a violation of state or federal law is alleged, the same is denied.

81.

The City denies the allegations contained in Paragraph 81 of the Complaint as pled.

82.

The City denies the allegations contained in Paragraph 82 of the Complaint as pled.

83.

The City can neither admit nor deny the allegations contained in the first two sentences in Paragraph 83 of the Amended Complaint, but denies the remaining allegations as pled.

84.

The City denies the allegations contained in Paragraph 84 of the Amended Complaint as pled.

85.

The City denies the allegations contained in Paragraph 85 of the Amended Complaint as pled.

86.

The City admits the allegations contained in Paragraph 86 of the Amended Complaint to the extent it states that in the past the City required a Social Security Number, but to the extent liability or a violation of state or federal law is alleged, the same is denied.

87.

The City admits the allegations contained in Paragraph 87 of the Amended Complaint, except the City denies the nomenclature used by Plaintiffs as a City

policy. Further, the City denies all other allegations not specifically admitted in Paragraph 87 of the Amended Complaint.

88.

The City admits the allegations contained in Paragraph 88 of the Amended Complaint.

89.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 89 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability for violation of any state or federal law is alleged, the same is denied.

90.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 90 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

91.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 91 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

92.

The City admits the first sentence of Paragraph 92 of Plaintiffs' Amended Complaint, but is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 92 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

93.

The City admits the allegations contained in the first three sentences of Paragraph 93 of Plaintiffs' Amended Complaint, but to the extent liability for violation of any state or federal law is alleged, the same is denied as the City no longer requires a Social Security Number. The City admits it does not determine a credit score if an applicant does not provide an SSN, and charges a maximum deposit.

94.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 94 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability for violation of any state or federal law is alleged, the same is denied.

95.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 95 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability for violation of any state or federal law is alleged, the same is denied.

96.

The City denies the allegations contained in Paragraph 96 of the Amended Complaint as pled.

97.

The City admits the allegations contained in Paragraph 97 of the Amended Complaint, but denies the stated fine and sentence is exclusive to this issue.

98.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 98 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability for violation of any state or federal law is alleged, the same is denied.

99.

The City denies the allegations contained in Paragraph 99 of the Amended Complaint.

100.

The City denies the allegations contained in Paragraph 100 of the Amended Complaint.

101.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 101 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

102.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 102 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

103.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 103 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

104.

The City denies the allegations contained in Paragraph 104 of the Amended Complaint as pled.

105.

The City denies the allegations contained in Paragraph 105 of the Amended Complaint as pled.

106.

The City admits the information was on its form at one point as alleged in Paragraph 106 of the Amended Complaint, but has since been corrected.

107.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 107 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability for violation of any state or federal law is alleged, the same is denied.

108.

The City admits the information was on its form at one point as alleged in Paragraph 108 of the Amended Complaint, but has since been corrected.

109.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 109 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability for violation of any state or federal law is alleged, the same is denied.

110.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 105 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability for violation of any state or federal law is alleged, the same is denied.

111.

The City admits the allegations contained in Paragraph 111 of the Amended Complaint as being in effect at one time, but has since been rescinded.

112.

The City denies the allegations contained in Paragraph 112 of Plaintiffs' Amended Complaint.

113.

The City denies the allegations contained in Paragraph 113 of the Amended Complaint as pled.

## ANSWER TO: INJURIES TO PLAINTIFFS

114.

The City denies the allegations contained in Paragraph 114 of the Amended Complaint.

115.

The City denies the allegations contained in Paragraph 115 of the Amended Complaint.

116.

The City denies the allegations contained in Paragraph 116 of the Amended Complaint as pled.

117.

The City denies the allegations contained in Paragraph 117 of the Amended Complaint.

118.

The City denies the allegations contained in Paragraph 118 of the Amended Complaint.

119.

The City denies the allegations contained in Paragraph 119 of the Amended Complaint.

120.

The City denies the allegations contained in Paragraph 120 of the Amended Complaint.

121.

The City denies the allegations contained in Paragraph 121 of the Amended Complaint.

122.

The City denies the allegations contained in Paragraph 122 of the Amended Complaint.

123.

The City denies the allegations contained in Paragraph 123 of the Amended Complaint.

124.

The City denies the allegations contained in Paragraph 124 of the Amended Complaint.

125.

The City denies the allegations contained in Paragraph 125 of the Amended Complaint.

126.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 126 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

127.

The City denies the allegations contained in Paragraph 127 of the Amended Complaint.

128.

The City denies the allegations contained in Paragraph 128 of the Amended Complaint.

129.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 129 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

130.

The City denies the allegations contained in Paragraph 130 of the Amended Complaint.

131.

The City denies the allegations contained in Paragraph 131 of the Amended Complaint.

132.

The City denies the allegations contained in Paragraph 132 of the Amended Complaint.

133.

The City admits Mr. Brewer is deceased. The City is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 133 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

134.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 134 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

135.

The City admits the allegations contained in Paragraph 135 of the Amended Complaint.

136.

The City admits the allegations contained in Paragraph 136 of the Amended Complaint.

137.

The City admits the allegations contained in Paragraph 137 of the Amended Complaint.

138.

The City admits the allegations contained in Paragraph 138 of the Amended Complaint.

139.

The City denies the allegations contained in Paragraph 139 of the Amended Complaint.

140.

The City admits the allegations contained in Paragraph 140 of the Amended Complaint.

141.

The City denies the first clause of the first sentence of Paragraph 141 of the Amended Complaint, but admits the remainder.

142.

The City admits the allegations contained in Paragraph 142 of the Amended Complaint.

143.

The City admits the allegations contained in Paragraph 143 of the Amended Complaint, but denies the date cited is correct.

144.

The City denies the allegations contained in Paragraph 144 of the Amended Complaint as pled as the basis of disconnection did not involve court fines debt.

145.

The City denies the allegations contained in Paragraph 145 of the Amended Complaint, as the City did not "threaten" Mr. Brewer, and as payment did not apply to "court debt."

146.

The City admits the allegations contained in Paragraph 146 of the Amended Complaint, except the City denies it "threatened" Mr. Brewer.

147.

The City admits the allegations contained in Paragraph 147 of the Amended Complaint.

148.

The City denies the allegations contained in Paragraph 148 of the Amended Complaint.

149.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 149 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

150.

The City admits the allegations contained in the first two clauses of the first sentence of Paragraph 115 of the Amended Complaint, but denies the remaining allegations as pled.

151.

The City admits Mr. Brewer passed away in August 2018, but denies the rest of allegations contained in Paragraph 151 of the Amended Complaint.

152.

The City admits the allegations contained in Paragraph 152 of the Amended Complaint.

153.

The City admits the allegations contained in Paragraph 153 of the Amended Complaint.

154.

The City admits the allegations contained in Paragraph 154 of the Amended Complaint.

155.

The City admits the allegations contained in Paragraph 155 of the Amended Complaint.

156.

The City admits the allegations contained in Paragraph 156 of the Amended Complaint.

157.

The City denies the first clause of the first sentence of Paragraph 157 of the Amended Complaint, but admits the remainder.

158.

The City admits it sent the letter referenced as the alleged in Paragraph 158 of the Amended Complaint, but denies it was false.

159.

The City admits the allegations contained in Paragraph 159 of the Amended Complaint.

160.

The City admits the allegations contained in Paragraph 160 of the Amended Complaint, but denies it was "threatening."

161.

The City admits the allegations contained in Paragraph 161 of the Amended Complaint.

162.

The City denies the first sentence of Paragraph 162 of the Amended Complaint, but admits the remainder.

163.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 163 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent Plaintiff alleges liability on the part of the City, the same is denied.

164.

The City denies the first sentence of Paragraph 164 of the Amended Complaint, but admits the first clause of the second sentence, but denies the remainder of the second sentence as pled.

165.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 165 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent Plaintiff alleges liability on the part of the City, the same is denied.

166.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 166 of Plaintiffs' Amended Complaint and can neither admit nor deny the same.

167.

The City admits the allegations contained in Paragraph 167 of the Amended Complaint.

168.

The City admits the fine assessed in the first sentence, but denies the portion regarding the "$44 in monthly probation supervision fees," as it was a $35 probation supervision fee and $9 crime victim fee remitted to the State. The City admits the third sentence of Paragraph 168 of the Amended Complaint, but denies the second sentence.

169.

The City admits the allegations contained in Paragraph 169 of the Amended Complaint.

170.

The City admits the allegations contained in Paragraph 170 of the Amended Complaint.

171.

The City admits the allegations contained in Paragraph 171 of the Amended Complaint.

172.

The City admits the allegations contained in Paragraph 172 of the Amended Complaint.

173.

The City admits the allegations contained in Paragraph 173 of the Amended Complaint as to Ms. Walton having made payments, but denies the date is correct as it was February 23, 2017.

174.

The City admits Mrs. Walton received an automated phone call as referenced in the first sentence of Paragraph 174 of the Amended Complaint, but

denies it was "threatening." The City has no knowledge of Mrs. Walton's ability to pay and therefore denies the remaining allegations as pled.

175.

The City admits the allegations contained in Paragraph 175 of the Amended Complaint.

176.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 176 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability is alleged against the City, the same is denied.

177.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 177 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability is alleged against the City, the same is denied.

178.

The City admits Mrs. Walton paid her outstanding balance and her utilities were restored as alleged in Paragraph 178 of the Amended Complaint, but denies knowledge as to the source of her funds.

179.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 179 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability is alleged against the City, the same is denied.

180.

The City admits the allegations contained in Paragraph 180 of the Amended Complaint, because Ms. Walton did not pay for any of her utilities for three months.

181.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 181 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability is alleged against the City, the same is denied.

182.

The City admits that Ms. Walton's court debt still remains a valid debt to the City, but she no longer has a current utility account, but the City is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 182 of Plaintiffs' Amended Complaint and can

neither admit nor deny the same, but to the extent liability is alleged against the City, the same is denied.

183.

The City denies the allegations contained in Paragraph 183 of the Amended Complaint.

184.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 184 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability is alleged against the City, the same is denied.

185.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 185 of Plaintiffs' Amended Complaint and can neither admit nor deny the same, but to the extent liability is alleged against the City, the same is denied.

186.

The City is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 186 of Plaintiffs' Amended

Complaint and can neither admit nor deny the same, but to the extent liability is alleged against the City, the same is denied.

187.

The City denies the allegations contained in Paragraph 187 of the Amended Complaint as pled.

188.

The City denies the allegations contained in Paragraph 188 of the Amended Complaint.

189.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 189 of the Amended Complaint.

190.

The City denies the allegations contained in Paragraph 190 of the Amended Complaint as pled, and further, the City does not currently require a Social Security Number.

191.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 191 of the Amended Complaint.

192.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 192 of the Amended Complaint.

193.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 193 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

194.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 194 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

195.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 195 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

196.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 196 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied as its rules are non-discriminatory.

197.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 197 of the Amended Complaint.

198.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 198 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied, and further, the City does not currently require a Social Security Number.

199.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 199 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

200.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 200 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

201.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 201 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

202.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 202 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

203.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 203 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

204.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 204 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

205.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 205 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied as its rules are non-discriminatory.

206.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 206 of the Amended Complaint.

207.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 207 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied, and further, the City does not currently require a Social Security Number.

208.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 208 of the Amended Complaint.

209.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 209 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

210.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 210 of the Amended Complaint.

211.

The City admits the first sentence of Paragraph 211 of the Amended Complaint and the Ordinance references, but can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 211 of the Amended Complaint.

212.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 212 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

213.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 213 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied.

214.

The City can neither admit nor deny allegations by an unidentified person as set forth in Paragraph 214 of the Amended Complaint, but to the extent liability is alleged against the City, the same is denied as its rules are non-discriminatory.

## ANSWER TO: CLAIMS FOR RELIEF

215.

The City reasserts and reincorporates its responses to Paragraphs 1 – 214 as if fully set forth herein.

216.

Plaintiffs cite the statutory basis for their Amended Complaint in Paragraph 216 of the Amended Complaint and the statutory recitation is admitted, but the city denies it has violated the statute, and is therefore not liable to Plaintiffs.

217.

Plaintiffs cite the statutory basis for their Amended Complaint in Paragraph 217 of the Amended Complaint and the statutory recitation is admitted, but the city denies it has violated the statute, and is therefore not liable to Plaintiffs.

218.

Plaintiffs cite the statutory basis for their Amended Complaint in Paragraph 218 of the Amended Complaint and the statutory recitation is admitted, but the city denies it has violated the statute, and is therefore not liable to Plaintiffs.

219.

The City admits the allegations contained in Paragraph 208 of the Amended Complaint.

220.

Plaintiffs cite the statutory basis for their Amended Complaint in Paragraph 220 of the Amended Complaint and the statutory recitation is admitted, but the city denies it has violated the statute, and is therefore not liable to Plaintiffs.

221.

The City denies the allegations contained in Paragraph 221 of the Amended Complaint.

222.

The City denies the allegations contained in Paragraph 222 of the Amended Complaint.

223.

The City denies the allegations contained in Paragraph 223 of the Amended Complaint.

224.

The City denies the allegations contained in Paragraph 224 of the Amended Complaint.

## ANSWER TO: SECOND CAUSE OF ACTION

225.

The City reasserts and reincorporates its responses to Paragraphs 1 – 224 as if fully set forth herein.

226.

The City denies the allegations contained in Paragraph 226 of the Amended Complaint as pled.

227.

The City admits the allegations contained in Paragraph 227 of the Amended Complaint.

228.

The City denies the allegations contained in Paragraph 228 of the Amended Complaint.

229.

The City denies the allegations contained in Paragraph 218 of the Amended Complaint.

## ANSWER TO: THIRD CAUSE OF ACTION

230.

The City reasserts and reincorporates its responses to Paragraphs 1 – 229 as if fully set forth herein.

231.

The City denies the allegations contained in Paragraph 231 of the Amended Complaint.

232.

The City denies the allegations contained in Paragraph 232 of the Amended Complaint as pled.

233.

The City denies the allegations contained in Paragraph 233 of the Amended Complaint as pled.

234.

The City denies the allegations contained in Paragraph 234 of the Amended Complaint.

235.

The City denies the allegations contained in Paragraph 235 of the Amended Complaint.

236.

The City denies the allegations contained in Paragraph 236 of the Amended Complaint.

237.

The City denies the allegations contained in Paragraph 237 of the Amended Complaint.

238.

The City denies the allegations contained in Paragraph 238 of the Amended Complaint.

## ANSWER TO: FOURTH CAUSE OF ACTION

239.

The City reasserts and reincorporates its responses to Paragraphs 1 – 238 as if fully set forth herein.

240.

The City denies the allegations contained in Paragraph 240 of the Amended Complaint.

241.

The City denies the allegations contained in Paragraph 241 of the Amended Complaint.

## ANSWER TO: PRAYER FOR RELIEF

242.

The City denies the allegations and prayers contained in Paragraph 225 of the Amended Complaint and each subpart thereof.

## ANSWER TO: DEMAND FOR JURY TRIAL

243.

The City denies that Plaintiffs are entitled to a jury trial as set forth in Paragraph 226 of the Amended Complaint as the City is not liable to Plaintiffs.

244.

Any allegation not specifically responded to is denied.

WHEREFORE, having fully answered, the City prays the following:

i)     That Plaintiffs' Amended Complaint be dismissed;

ii)    In the alternative, that the City receive a trial by jury;

iii)    That Plaintiffs take nothing;

iv)    That the City be awarded its costs and fees incurred in this action; and

v)    That the City receive such other relief as the Court deems just and proper.

Respectfully submitted this 19th day of February, 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Kenneth D. Jones*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
kjones@hallboothsmith.com

KENNETH D. JONES
Georgia Bar No. 402101
*Counsel for Defendant City of LaGrange, Georgia*

**LEWIS TAYLOR & TODD**

*/s/ Jeffery M. Todd*

205 N. Lewis Street, Suite 3
P.O. Box 1027
LaGrange, GA 3024
Tel: 706-882-2501
Fax: 706-882-4905
jtodd@lttpc.com

JEFFREY M. TODD
Georgia Bar No. 713738
*Counsel for Defendant City of LaGrange, Georgia*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGIA STATE CONFERENCE
OF THE NAACP; TROUP COUNTY
NAACP; PROJECT SOUTH;
CHARLES BREWER; CALVIN
MORELAND; APRIL WALTON;
PAMELA WILLIAMS; JOHN
DOE #1, JOHN DOE #2; and JOHN
DOE #3,

     Plaintiffs,

v.

CITY OF LAGRANGE, GEORGIA,

     Defendant.

CIVIL ACTION FILE
NO. 3:17-CV-67-TCB

## CERTIFICATE OF COMPLIANCE

The foregoing **DEFENDANT CITY OF LAGRANGE, GEORGIA'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

Respectfully submitted this 19th day of February, 2020.

[SIGNATURE ON FOLLOWING PAGE]

58

**HALL BOOTH SMITH, P.C.**

*/s/ Kenneth D. Jones*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
kjones@hallboothsmith.com

KENNETH D. JONES
Georgia Bar No. 402101
*Counsel for Defendant City of LaGrange, Georgia*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

GEORGIA STATE CONFERENCE
OF THE NAACP; TROUP COUNTY
NAACP; PROJECT SOUTH;
CHARLES BREWER; CALVIN
MORELAND; APRIL WALTON;
PAMELA WILLIAMS; JOHN
DOE #1, JOHN DOE #2; and JOHN
DOE #3,

     Plaintiffs,

v.

CITY OF LAGRANGE, GEORGIA,

    Defendant.

CIVIL ACTION FILE
NO. 3:17-CV-67-TCB

---

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with a copy of the within and foregoing **DEFENDANT CITY OF LAGRANGE, GEORGIA'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** by electronically filing the foregoing with the Clerk by using the CM/ECF system and/or depositing same in the United States postal service, proper postage affixed, to ensure delivery, in an envelope addressed as follows:

60

Justin B. Cox, Esq.
National Immigration Law Center
1989 College Ave. NE
Atlanta, GA 30317

Reed N. Colfax, Esq.
Jamie L. Crook, Esq.
Joseph J. Wardenski, Esq.
Alexa T. Milton, Esq.
Relman, Dane & Colfax PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036

Karen C. Tumlin, Esq.
Melissa S. Keaney, Esq.
Mayra B. Joachin, Esq.
Robin Lisa Goldfaden, Esq.
National Immigration Law Center
3435 Wilshire Blvd., Suite 1600
Los Angeles, CA 90010

Kevin Herrera
National Immigration Law Center - IL
P.O. Box 32358
Chicago, IL 60632

Jeffrey M. Todd, Esq.
Lewis, Taylor & Todd, P.C.
205 N. Lewis Street, Suite 3
P.O. Box 1027
LaGrange, GA 30241

Sarah Geraghty, Esq.
Atteeyah Hollie, Esq.
Southern Center for Human Rights
83 Poplar Street N.W.
Atlanta, GA 30303

Respectfully submitted this 19th day of February, 2020.

**HALL BOOTH SMITH, P.C.**

*/s/ Kenneth D. Jones*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA  30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
kjones@hallboothsmith.com

KENNETH D. JONES
Georgia Bar No. 402101
*Counsel for Defendant City of LaGrange, Georgia*